# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:21-MC-059-RJC-DCK

| | | |
|---|---|---|
| *IN RE* | ) | |
| | ) | **SECOND TEMPORARY** |
| ALL ASSETS IN MERRILL EDGE | ) | **RESTRAINING ORDER** |
| ACCOUNT *7700, SUCH ACCOUNT | ) | |
| HELD IN THE NAME OF MAURICE | ) | |
| KAMGAING; and | ) | |
| | ) | |
| ALL ASSETS IN MERRILL EDGE | ) | |
| ACCOUNT *7T50, SUCH ACCOUNT | ) | |
| HELD IN THE NAME OF APIAGNE, | ) | |
| INC. | ) | |

**THIS MATTER** is before the Court on the Government's Application for Temporary Restraining Order and "Motion to Extend Temporary Restraining Order" (Document No. 3).

**THIS COURT FINDS AS FOLLOWS:** In an Application for Temporary Restraining Order and Affidavit, the Government has established probable cause that all assets in the above-captioned Merrill Edge Accounts constitute or are derived from proceeds of wire fraud in violation of 18 U.S.C. § 1343 and constitute property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957, and, therefore, are subject to civil and criminal forfeiture under 18 U.S.C. § 981(a)(1)(A) and (C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). Further, in the Application, the Government has established, for purposes of 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3), that prior notice to persons appearing to have an interest in the property will jeopardize the availability of the property for forfeiture.

Based on the Application and Affidavit, the Government satisfied the requirements of 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3) for purposes of obtaining a Temporary Restraining Order and this Court entered a Temporary Restraining Order, with an expiration date of April 13, 2021. Since the issuance of the Temporary Restraining Order, Maurice Kamgaing, who is the holder of one of the restrained accounts and the President of Apiagne, Inc, the entity that holds the other restrained account, has retained counsel, who has consented to a thirty-day extension of the original Temporary Restraining Order. Under such circumstances and pursuant to Section 853(e)(2) and Section 983(j)(3), extension of the restraint is appropriate.

**IT IS THEREFORE ORDERED THAT**, pending further order of this Court, Maurice Kamgaing, Apiagne, Inc., AKC Solutions LLC, and the agents, servants, employees, attorneys, and those persons in active concert or participation with Kamgaing, Apiagne, and AKC Solutions; Merrill Edge; and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby **RESTRAINED, ENJOINED, AND PROHIBITED** from attempting or completing any action that would affect the availability, marketability or value

of the property in the above identified accounts, including but not limited to liquidating, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property in the above identified accounts.

**IT IS FURTHER ORDERED THAT** the Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is directed to serve a copy of this order upon Merrill Edge and any other entity or individual that the Federal Bureau of Investigation deems should receive this Temporary Restraining Order in order to achieve restraint of the assets.

**IT IS FURTHER ORDERED THAT**, pursuant to 21 U.S.C. § 853(e)(2) and 18 U.S.C. § 983(j)(3), absent an order extending this Temporary Restraining Order, this Temporary Restraining Order shall expire thirty days after the date that it is entered.

Signed: April 13, 2021

David C. Keesler
United States Magistrate Judge

2